UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darrell Prouty, | Case No. 21-cv-0058 (PAM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Department of Human Services, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Darrell Prouty's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Darrell Prouty, a client of the Minnesota Sex Offender Program ("MSOP"), did not pay the filing fee for this action; instead, he filed an application seeking permission to proceed in forma pauperis ("IFP"). [Docket No. 2]. That IFP application is now before the Court and must be considered before any other matter may be considered in this case.

After review of the IFP application, this Court concludes that Plaintiff qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In

reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his First Amendment rights. Specifically, Plaintiff alleges that both his incoming and outgoing mail has been "censor[ed]" by MSOP officials. (Addendum [Docket No. 1-4], at 1). Two events in particular seem to be at issue. First, Plaintiff alleges that MSOP officials prevented him from receiving a "non-nude magazine" and have destroyed other "non-nude material" due to it being deemed contraband under MSOP policy. (Id. at 1–2). Second, Plaintiff alleges that defendants David Borchardt, Brooke Ness, and Kirk Hill have "censor[ed]" letters addressed by Plaintiff to his sister. (Id. at 1). Plaintiff seeks an injunction to prevent such censorship in the future.

Civilly committed persons such as Plaintiff "have liberty interests that are 'considerably less than those held by members of free society' but are 'entitled to more considerate treatment and conditions of confinement' than prisoners." Banks v. Jesson, No. 11-cv-1706 (SRN/LIB), 2017 WL 1901408, at *8 (D. Minn. May 8, 2017) (quoting Senty-Haugen v. Goodno, 462 F.3d 876, 886 (8th Cir. 2006)). MSOP has implemented, and courts in this District have sometimes

upheld, policies that limit clients from receiving material to which they would otherwise be entitled under the First Amendment. Among the factors this District has used to determine the legality of an MSOP policy, whether on its face or as applied, that affects the constitutional rights of clients includes: "(1) whether the MSOP policy at issue bears a rational relationship to legitimate institutional and therapeutic interests; (2) whether the MSOP client has alternative means of exercising the First Amendment right at issue; (3) whether and to what degree accommodation of the right would impact the institution, resources, staff, and other clients; and (4) whether simple and cost-effective alternatives exist that would meet MSOP's objectives." Ha'keem v. Mesojedec, No. 16-CV-0348 (JNE/HB), 2020 WL 8339741, at *3 (D. Minn. Nov. 30, 2020).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." That said, Plaintiff's pleading does not contain sufficient information from which this Court could conclude, even assuming each of the factual allegations are true, that MSOP officials have violated Plaintiff's federal constitutional rights. The Complaint does not allege the basis upon which either the magazine or his letters were "censor[ed]," it states only that those materials were "non-nude," (Addendum [Docket No. 1-4], at 1). But MSOP's "legitimate institutional and therapeutic interests" extend beyond prohibiting nude material. See, Ha'keem, 2020 WL 8339741, at *3. Without further allegations regarding the contents of the material that Plaintiff claims has been censored or allegations regarding the basis upon which MSOP officials arrived at their decision, this Court cannot say that Plaintiff has plausibly alleged an infringement of his rights.

There is also one additional problem with Plaintiff's Complaint: it does not appear from the current pleading that any of the defendants are appropriate parties to this action. As instrumentalities of the State of Minnesota, neither the Minnesota Department of Human Services

nor MSOP itself may be sued under § 1983. See, e.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agencies exercising state power are not amenable to suit under § 1983). By contrast, Defendants Brooke Ness, Kirk Hill, and David Borchardt may be sued under § 1983. But it is far from clear from the Complaint that Ness, Hill, or Borchardt (who are alleged to work in the MSOP mail room) have the authority to change MSOP policy or its implementation, the remedy sought by Plaintiff. Put another way, Plaintiff seeks a remedy only from defendants who may not be able to provide that remedy, even if ordered to do so by the Court.

For these reasons, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The application to proceed in forma pauperis of Plaintiff Darrell Prouty [Docket No. 2] be **DENIED**.

Dated: February 9, 2021                     s/Leo I. Brisbois
                                            Leo I. Brisbois
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).